ORIGINAL

# In the United States Court of Federal Claims

No. 17-940C
(Filed September 20, 2017)
NOT FOR PUBLICATION

FILED

SEP 2 0 2017

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * *
                               *
                               *
                               *
SIGFRID BRADSHAW,              *
                               *
               Plaintiff,      *
                               *
   v.                          *
                               *
THE UNITED STATES,             *
                               *
               Defendant.      *
                               *
* * * * * * * * * * * * * * * *
```

## ORDER

On July 11, 2017, plaintiff Sigfrid Bradshaw, who is proceeding *pro se*, filed a complaint in this court. Complaints filed in this court must be accompanied by either a $400 filing fee pursuant to Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC) or an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. At the time Mr. Bradshaw filed his complaint, no filing fee was paid and no application to proceed *in forma pauperis* was filed.

On July 17, 2017, this Court ordered that by August 16, 2017, plaintiff must submit either the required filing fee or an application to proceed *in forma pauperis*. *See* ECF No. 5. Despite the issuance of the July 17 Order, which was mailed to plaintiff along with an *in forma pauperis* application form, plaintiff has failed to pay the filing fee or return the application to proceed *in forma pauperis*. *See Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *3 (Fed. Cl. Mar. 20, 2015) (holding that the case could be involuntarily dismissed for failure to prosecute under RCFC 41(b) when plaintiff's *in forma pauperis* motion was denied and he failed to timely pay the required filing fee). In the interim, the government has filed a motion to dismiss this case for lack of subject-matter jurisdiction.

Because plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* in accordance with this Court's July 17 Order, this case is

**DISMISSED** without prejudice for failure to prosecute under RCFC 41(b). The government's motion to dismiss for lack of subject-matter jurisdiction is **DENIED** as moot. The Court notes, however, that subject-matter jurisdiction likely does not exist in this case because plaintiff appears to be alleging judicial misconduct. 28 U.S.C. § 1491(a)(1) (2012) (limiting our jurisdiction to "cases not sounding in tort"); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (explaining that claims grounded in fraud or other claims sounding in tort do not fall within the limited jurisdiction of the United States Court of Federal Claims); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that our court "does not have jurisdiction to review the decisions of district courts").

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge